UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CLINTON JAMES,

                           Plaintiff,

  -against-

CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; DETECTIVE JOHN
FAHIM, SHIELD #5214; RET. DETECTIVE
DENNIS MAIRA, SHIELD #6698; DETECTIVE
ANTHONY RICCI, SHIELD #3652; DETECTIVE
LOUIS TORINO, SHIELD #2325; SERGEANT
IGNAZIO CONCA, SHIELD #906; DETECTIVE
JASON FILORAMO, SHIELD #3881;
DETECTIVE JONMICHAEL RAGGI,
SHIELD #3629; DETECTIVE RAYMOND
WITTICK, SHIELD #710; and POLICE OFFICER
STEVEN SOUFFRIN, SHIELD #15876,

                           Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 28 2016 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
MEMORANDUM & ORDER
16-CV-1077 (CBA) (VMS)

**AMON, United States District Judge:**

Plaintiff Clinton James, currently incarcerated at Downstate Correctional Facility, brings this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. James's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, James's claims against the City of New York and the New York City Police Department are dismissed. James's claims against the individual defendants shall proceed.

## BACKGROUND

James brings this action in connection with events that occurred on Staten Island in March 2013. James states that Detectives Torino and Wittick violated his civil rights by illegally "tapping [his] telephones and following [him] and stopping [him]." (D.E. # 1 ("Compl.") at 3.) On March 9, 2013, James alleges that he was assaulted by Detective Maira and then shot multiple times by

1

Detective Fahim. (Id.) Thereafter, Detectives Maira, Filoramo, Fahim, and Ricci allegedly "tackled [James] and struck [him] repeatedly with their fists and feet while [James] laid on the ground with [his] bullet wounds." (Id.) James further alleges that in May 2013, he was assaulted by Detective Torino at the 120th Precinct. (Id.) James seeks $5 million dollars in damages. (Id. at 4.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To avoid dismissal for failure to state a claim, a plaintiff must allege sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

### I. Immunity

The Court first addresses whether the complaint seeks "relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2).

#### A. New York City Police Department

James names the New York City Police Department ("NYPD"), an agency of the City of New York, as a defendant. City agencies, including the NYPD, do not have a legal identity separate and apart from the municipality and cannot sue or be sued. N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency . . . ."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is a non-suable agency of the City). Thus, James's claims against the NYPD are dismissed with prejudice.

### II. Merits

The Court next addresses whether the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Section 1983 "allows an action at law against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Patterson v. Cty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights . . . [i]t merely provides a method for vindicating federal rights elsewhere conferred." Id. (internal quotation marks and citations omitted). "To avoid sua sponte

dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'" Milan v. Wertheimer, 808 F.3d 961, 964 (2d Cir. 2015).

### A. Claim Against the City of New York

James's claim against the City of New York must be dismissed as he fails to allege any facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)); Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). "[M]unicipalities are 'responsible only for their own illegal acts,' and cannot be held 'vicariously liable under § 1983 for their employees' actions." Cash, 654 F.3d at 333 (quoting Connick v. Thompson, 563 U.S. 51, 60 (2011)). "Rather, a 'plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.'" Id. (quoting Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008)). Although plaintiff names the City of New York in the caption of his complaint, he does not allege any facts in the body of his complaint to support a Monell claim. Accordingly, James's § 1983 claim against the City of New York is dismissed with prejudice for failure to state a claim on which relief may be granted.

### B. Claims Against the Individual Officers

The remaining allegations, although minimal, are sufficient to proceed. James has alleged that the individual defendants were state actors and that they violated his constitutional rights.

## CONCLUSION

Accordingly, James's claims against the City of New York and the New York City Police Department are dismissed with prejudice. No summonses shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims against Sergeant Ignazio Conca, Detective Jonmichael Raggi, Police Officer Steven Souffrin, Detective John Fahim, Retired Detective Dennis Maira, Detective Anthony Ricci, Detective Louis Torino, Detective Jason Filoramo, and Detective Raymond Wittick shall proceed. The United States Marshal Service is directed to serve the summonses, complaint, and this Order upon these defendants without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the complaint and this Order to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

James's motion for appointment of counsel is denied without prejudice. The case is referred to Magistrate Judge Vera M. Scanlon for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 28, 2016
Brooklyn, New York

/S/ Judge Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge