

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|---|---|
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | **MEGAN CONGER** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | *Assistant Corporation Counsel*<br>Tel.: (212) 356-3504<br>mconger@law.nyc.gov |

November 22, 2017

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

   Re: <u>James v. The City of New York et al.</u>, 16-CV-01077 (CBA)(VMS)

Your Honor:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants in the above-referenced matter. Defendants write in response to plaintiff's letter, dated November 10, 2017, to (1) address plaintiff's concern regarding the production of discovery materials, and (2) to consent to plaintiff's request for an enlargement of the discovery period. <u>See</u> Dkt. No. 58.

 **I.** **Plaintiff's Discovery Production Concern**

   In plaintiff's November 10th letter, he expressed concern that the correctional facility has only allowed plaintiff access to one of four boxes containing discovery materials. It seems that plaintiff misunderstands the arrangement defendants worked out with Clinton Correctional Facility. As discussed at the September 21, 2017 status conference, the undersigned made arrangements for plaintiff to be allowed up to two boxes of discovery materials in his cell at a time.[1] At the same conference, the undersigned estimated that defendants may produce *up to* four boxes of discovery materials by the end of the discovery period; however, this was merely an estimate. In fact, after the September 21st conference, this Office was able to condense over 8,000 pages of discovery materials to be produced to plaintiff in a single box. It seems, based on defendants' estimate during the September conference, that plaintiff mistakenly believes that the facility is in possession of four boxes of discovery materials to which they are not allowing him access. Accordingly, the facility is not withholding any discovery materials from plaintiff as the facility and plaintiff have only received one box of discovery materials at this time.

---

[1] A representative from the facility explained that, due to safety and security concerns, the facility cannot allow plaintiff to have more than two boxes in his cell at a time. The representative further explained that any additional boxes of discovery materials will be held for plaintiff in the legal office. Plaintiff may exchange one box for another so that he will have access to all discovery materials throughout the course of this litigation.

## II. Plaintiff's Request for an Enlargement of the Discovery Period

Lastly, defendants consent to plaintiff's request for a sixty to ninety day enlargement of the discovery period, as defendants anticipate a need for an enlargement of the discovery period as well. Defendants first served plaintiff with Defendants' Document Requests and Interrogatories on June 30, 2017. After plaintiff failed to respond, defendants served plaintiff with a deficiency letter on August 31, 2017. Still, plaintiff did not respond to defendants' June 30th discovery requests or August 31st deficiency letter. At the September 21st conference, defendants informed the Court and plaintiff that plaintiff's discovery responses remained outstanding, and plaintiff agreed to produce his discovery responses and/or objections as soon as possible. However, plaintiff's discovery responses and objections, dated November 3, 2017, were not received by this Office until November 15, 2017. As such, defendants consent to plaintiff's request for an enlargement of the discovery period, as this should afford defendants sufficient time to determine what discovery from plaintiff remains outstanding and to seek the Court's intervention, if necessary.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

_____/s/_____
Megan Conger
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC: **BY FIRST-CLASS MAIL**
Clinton James, #16-A-1356
*Plaintiff Pro Se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929