

| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | **MEGAN CONGER** |
| *Corporation Counsel* | 100 CHURCH STREET | *Assistant Corporation Counsel* |
| | NEW YORK, N.Y. 10007 | Tel.: (212) 356-3504 |
| | | mconger@law.nyc.gov |

January 26, 2018

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, 505 North
Brooklyn, NY 11201

      Re:   <u>James v. The City of New York et al.</u>, 16-CV-01077 (CBA)(VMS)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants in the above-referenced matter. Defendants write in accordance with Your Honor's December 13, 2017 Order directing the parties to inform the Court of any outstanding discovery disputes by January 26, 2018. See Dkt. No. 60. Accordingly, defendants write to respectfully request (1) that Your Honor order plaintiff to respond in writing to Interrogatory Request Nos. 4 and 5, as set forth herein, by no later than February 16, 2018, and (2) grant a thirty (30) day extension of the paper discovery period from February 10, 2018 until March 12, 2018, in order to resolve the remaining discovery disputes.[1]

      By way of background, defendants first served plaintiff with Defendants' Document Requests and Interrogatories (defendants' discovery requests) on June 30, 2017. After plaintiff failed to respond, defendants served plaintiff with a deficiency letter on August 31, 2017. Still, plaintiff did not respond to defendants' June 30th discovery requests or August 31st deficiency letter. At the September 21st conference, defendants informed the Court that plaintiff's discovery responses remained outstanding, and plaintiff agreed to produce his responses and/or objections as soon as possible. On November 15, 2017, this Office received plaintiff's discovery responses; yet plaintiff's responses were deficient for a number of reasons. As such, defendants served plaintiff with a second deficiency letter on December 6, 2017. On January 5, 2018, plaintiff served defendants with his responses and objections to defendants' December 6th deficiency letter. Nevertheless, plaintiff's discovery responses remain deficient for the following reasons.

---

[1] This is defendants first such request for an extension of the discovery period, and it is made without the consent of plaintiff, who appears *pro se*, and cannot be reached expeditiously. This proposed extension would not affect any presently scheduled dates.

**Defendants' Interrogatory Request No. 4**

Interrogatory Request No. 4 asks plaintiff to "[i]dentify all injuries claimed by plaintiff as a result of the incident and the medical, psychiatric, and other psychological treatment provided, if any. For each treatment received, identify the provider who rendered the treatment to plaintiff. If no treatment was provided for any claimed injury, so state." In response to this request, plaintiff refers defendants to "all medical records produced by defendant discovery." However, based on the complaint and plaintiff's discovery responses, it is unclear the exact physical, emotional, and/or psychological injuries plaintiff is claiming to have sustained as a result of the incident.

To the extent that plaintiff is solely claiming the injuries set forth in plaintiff's medical records produced by defendants to date, defendants ask that the Court direct plaintiff to identify the specific records that he contends reflects his alleged injuries, by reference to the bates numbers stamped on the documents, and further confirm, in writing, that those identified documents reflect the entirety of his alleged injuries. However, to the extent that plaintiff is also claiming injuries other than those reflected in the previously produced medical records, including any alleged permanent injuries and/or emotional injuries,[2] defendants request that the Court direct plaintiff to specifically identify those injuries and the medical care providers from whom plaintiff sought treatment for any such injuries.

**Defendants' Interrogatory Request No. 5**

Interrogatory Request No. 5 asks plaintiff to "[i]dentify all economic injuries claimed by plaintiff as a result of the incident including, but not limited to, expenditures for medical, psychiatric, or psychological treatment; lost income; property loss and/or damage; and attorney's fees (if any). Identify the specific amounts claimed for each injury." Plaintiff objected to this request on the grounds that "defendant[s] ha[ve] failed to provide full discovery, including but not limited to, Richmond University Medical Center, Bellevue Hospital Center, New York Health and Hospital, and Alice [Hyde Hospital][3] accrued expenses in total amount as of Plaintiff's injuries caused by defendant[s]. Moreover, calculated amounts in damages shall be determined by a jury to the extent of Plaintiff's injuries." First, plaintiff's response is largely nonresponsive to the interrogatory. Second, pursuant to Fed. R. Civ. P. 26(a), plaintiff must set forth the amount of monetary damages he is seeking and provide a detailed breakdown for how such amounts are calculated – not simply state that the jury will ultimately determine the appropriateness of monetary damages.

Defendants, therefore, request that the Court direct plaintiff to indicate in writing whether he has incurred economic damages as a result of this incident and provide receipts or other documents evincing those economic damages, or, alternatively, provide a written and

---

[2] Defendants note that the medical records produced by defendants do not appear to reflect any emotional injuries.

[3] Plaintiff's medical records, including records from Richmond University Medical Center, Bellevue Hospital, Alice Hyde Hospital, and Corizon Health Services were produced to plaintiff in CD format on August 11, 2017, and again in paper format on September 19, 2017.

signed statement confirming that plaintiff has not incurred any economic damages as a result of the incident.

As the subject Interrogatories seek information pertaining to physical, emotional, and financial damages, the information sought is certainly relevant and discoverable. Accordingly, defendants respectfully request that Your Honor direct plaintiff to respond to Interrogatory Request Nos. 4 and 5, in accordance with the instructions stated herein, by no later than February 16, 2018. Additionally, in light of the foregoing, defendants respectfully request a thirty (30) day extension of the paper discovery period from February 10, 2018 until March 12, 2018, which should provide sufficient time for the aforementioned discovery disputes to be resolved.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

_____/s/_____
Megan Conger
*Assistant Corporation Counsel*
Special Federal Litigation Division

**CC:** **BY FIRST-CLASS MAIL**
Clinton James, #16-A-1356
*Plaintiff Pro Se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929